**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**
No. 10-034V
Filed: January 17, 2014
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
NICOLE EARLES and WILLIAM            *
PERRY, as biological parents and     *
personal representatives of the estate *
of KHALIL W. EARLES,                 *     Attorney Fees and Costs; Stipulation
                Petitioners,         *
v.                                   *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                Respondent.          *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Elaine Whitfield Sharp*, *Esq.* Whitfield, Sharp & Sharp, Marblehead, MA for petitioners.
*Althea Davis*, *Esq.* U.S. Department of Justice, Washington, DC for respondent.

## **DECISION ON ATTORNEY FEES AND COSTS**[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] Special Master Zane issued a decision on August 23, 2013, that awarded compensation pursuant to the parties' joint stipulation. Petitioners filed their first motion for attorney fees and costs on December 11, 2013. On December 13, 2013, I was assigned this case. On January 17, 2014, the parties filed a stipulation for attorney fees and costs. The stipulation indicates that after informal discussions petitioners agreed to amend their fee application and respondent does not object to the amended amount petitioners are requesting. Additionally, pursuant to General Order #9, the stipulation notes that petitioners incurred no personal litigation costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $56,500.00[3] in the form of a check payable jointly to petitioners and petitioners' counsel of record, Elaine Whitfield Sharp, for petitioners' attorney fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
Denise K. Vowell
Chief Special Master

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).